## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:18 CR 545 |
| | ) | |
| Plaintiff | ) | JUDGE: SARA LIOI |
| | ) | |
| -vs- | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| GOVIND SAILESH PAPPU | ) | |
| | ) | |
| Defendant | ) | |

Now comes the defendant, Govind Sailesh Pappu, by and through undersigned counsel and herein respectfully submits this Sentencing Memorandum in anticipation of his sentencing scheduled for April 9th, 2019.

1. **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE OFFENDER**

On December 26th, 2018 Defendant entered a guilty plea to two counts of Possession with intent to distribute a mixture containing 5-fluro-adb; a synthetic cannabinoid. Each is a violation of 21 U.S.C. § 841(a) (1) and 841 (b) (1) (C). In 2017 he ordered the chemical from China.

Defendant is 27 years old and a citizen of India. In August of 2010 he relocated to Cleveland, Ohio to attend Cleveland State University (CSU). His sister lives in Solon, Ohio. In 2015 he graduated from CSU with a biology degree and was going to obtain an MBA. He met and befriended people who introduced him to a scheme where he was solicited to order chemicals which would be used to make synthetic Marijuana. He received a minimal cash incentive to place and receive several shipments. He

inexplicably became involved in the illegal conduct. He truly does not understand why he would have been willing to jeopardize his entire future and freedom by getting involved in the activity. He acknowledges he as has no excuse for his behavior. He became involved in an illegal enterprise and knew at the time that it was wrong. He has accepted full responsibility for his wrongdoing. He truly regrets his conduct and any harm caused. He is remorseful, embarrassed, humiliated and can only apologize for his behavior. He has lost everything, even his ability to stay in this Country.

The criminal investigation commenced in 2017 when he placed the first of two orders. Originally, he was a person of interest and was seen as a potential cooperating witness. Potentially, he could have avoided prosecution. However, due to an unfortunate miscommunication with his former lawyer he never availed himself of the opportunity. Subsequently he was indicted, pled guilty, and now faces sentencing. Prior to this behavior defendant led a law-abiding life. Attached are reference letters from his sister and parents.

## II.    THE SENTENCING FACTORS

Defendant submits that the Federal Sentencing Guidelines are no longer mandatory pursuant to United States v. Booker, (2005) 543 U.S. 220, 12. S. Ct. 738, 160 L. Ed 2d 621 and instead, the sentencing court is bound by the mandate of 18 U.S.C. § 3553(a). The statute provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the provision. See U.S. v. Vonner, 452 F. 3d 560 (6th Cir. 2006). In Vonner the Court held that the sentencing court must consider:

(1) The nature and circumstances of the of the offense and defendant's history and characteristics;

(2) The need for the sentence to reflect the seriousness of the offense, to promote respect for the law; to provide just punishment; to protect the public from defendant reoffending and to provide defendant with needed care or treatment in the most effective manner;

(3) The kind of sentences available;

(4) The appropriate advisory guideline range;

(5) Any other pertinent policy statement issued by the Sentencing Commission;

(6) The need to avoid unwarranted sentence disparities among defendants with similar records and crimes; and

(7) The need to provide restitution to any victim.

In <u>Booker</u>, the United States Supreme Court held that, "…district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Following the decision in <u>Booker</u>, numerous courts have interpreted its holding. The advisory Sentencing Guidelines post-Booker are treated as only one factor in a sentencing decision, and it is now clear that 18 U.S.C. Section 3553(a) is the controlling sentencing law. See, <u>Rita v. United States</u>, (2007), 127 S .Ct. 2456; <u>Kimbrough v. United States</u>, (2007), 128 S .Ct. 558; <u>Gall v. United States</u>, (2007), 128 S .Ct. 586; and, <u>Cunningham v. California</u>, (2007), 127 S. Ct. 856. Based upon the holding in <u>Gall</u>, the "heartland" concept and the sentencing guidelines' restrictive policy statements with regard to departures are no longer relevant. In

fact, in <u>Gall</u>, the Court used the terms "departure" and "variance" interchangeably. While a sentencing court's analysis begins, as an initial benchmark, with a calculation of the applicable Guideline range, the court must, then, make an individualized assessment of the factors enumerated in 18 U.S.C. 3553(a). A court may not necessarily presume that the Guideline range is reasonable. <u>Gall v. United States</u>, supra., at 596-97. Following a calculation of the applicable Guideline range, a sentencing court must consider the unique complexity of the defendant's life and the manner in which that complexity contributed to the offense. A recent Sixth Circuit case illustrates the importance of a sentencing analysis based on the factors referenced in 18 U.S.C. 3553(a). In <u>United States v. Robertson</u>, (6th Cir. 2009), 2009 WL 260705, 309 Fed. Appx. 918, the Court remanded a case for consideration of the argument that double-counting a prior drug conviction in calculating both the criminal history category and the offense level may have produced a sentence greater than necessary to achieve the 3553(a) sentencing goals. The 3553 (a) factors include:

**(a) Factors to be considered in imposing a sentence.** --The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
**(2)** the need for the sentence imposed--
**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
**(B)** to afford adequate deterrence to criminal conduct;
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
**(3)** the kinds of sentences available;
**(4)** the kinds of sentence and the sentencing range established for--

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
**(B) (5)** any pertinent policy statement--
**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]
**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
**(7)** the need to provide restitution to any victims of the offense.
or policy statements by act of Congress.

This Honorable Court is required to consider the applicable sentencing guidelines range when arriving at a sentence, but only as one factor of the several laid out by the statutory factors to be considered in imposing a sentence. United States v. Jackson, (6th Cir. 2005) 408 F. 3d 301, 304. See also 3553 (a) (4) and U.S.S.G. § 1B1.1.

### III. CONCLUSION

Defendant has agreed that a guideline sentence is to be imposed; as each party agreed not to request a departure or variance.

Respectfully submitted,

/s/ Jaye M. Schlachet
Jaye M. Schlachet (0005795)
Attorney for Defendant

5

        55 Public Square, #1600  
        Cleveland, Ohio 44113  
        216-456-2488     Phone  
        216-456-2499     Fax  
        jaye@schlachetlaw.com

## Certificate of Service

A copy of the foregoing Sentencing Memorandum was electronically served on this 26th day of March, 2019, through the Court's electronic filing system. Notice of this filing will be sent to all counsel indicated on the electronic receipt by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/ Jaye M. Schlachet  
        Jaye M. Schlachet  
        Attorney for Defendant